IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| DONNIE R. GOODMAN | ) |
|                     Plaintiff, | ) |
| v. | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, JEWELL COAL AND COKE COMPANY, INC., JEWELL SMOKELESS COAL CORPORATION, JEWELL COKE ACQUISITION COMPANY, JEWELL COKE COMPANY, LP, JEWELL COKE COMPANY, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, and SUNCOKE TECHNOLOGY AND DEVELOPMENT CORPORATION. | ) |
|                     Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DONNIE R. GOODMAN by and through his attorneys, CRAIG W. CHURCH, of HOEY & FARINA, P.C., and JOHN E. JESSEE of JESSEE READ, & HOWARD P.C. for his Complaint against the Defendants, NORFOLK SOUTHERN RAILWAY COMPANY (NORFOLK SOUTHERN), JEWELL COAL AND COKE COMPANY, INC. JEWELL SMOKELESS COAL CORPORATION, JEWELL COKE ACQUISITION COMPANY, JEWELL COKE COMPANY LP, JEWELL COKE COMPANY, SUNCOKE TECHNOLOGY AND DEVELOPMENT LLC, and SUNCOKE TECHNOLOGY AND DEVELOPMENT CORPORATION, states as follows:

### COUNT I
### NEGLIGENCE - NORFOLK SOUTHERN RAILWAY COMPANY

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code §56.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*.

3. On February 12, 2014, and at all pertinent times herein, Defendant, NORFOLK SOUTHERN, was and is a railroad corporation doing business in the State of Virginia.

4. On February 12, 2014, and at all times herein, Defendant, NORFOLK SOUTHERN, owned and operated a railroad in interstate commerce.

5. On February 12, 2014, and at all pertinent times, the Plaintiff was employed by the Defendant, NORFOLK SOUTHERN, as a conductor working the U63 job.

6. On February 12, 2014, and at all pertinent times, Defendant, NORFOLK SOUTHERN, owned, maintained and operated railroad track commonly known as mainline track between the delivery switch and coke load out at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

7. On February 12, 2014 and at all pertinent times, Plaintiff was performing work for Defendant, NORFOLK SOUTHERN, in connection with or in furtherance of Defendant's business of interstate commerce and transportation.

8. In the course of his duties as a conductor on February 12, 2014, Plaintiff was assigned to switch out rail cars at SunCoke Energy in Oakwood, Virginia.

9. On February 12, 2014, at approximately 10:45 p.m., Plaintiff sustained severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body, while walking along Defendant, NORFOLK SOUTHERN'S mainline track at the aforesaid location, when he slipped on discarded rails buried in the snow.

10. On or about said date, the mainline track at said location, was owned, operated and controlled by Defendant, NORFOLK SOUTHERN.

11. It was the continuing duty of Defendant as an employer at the time and place in question, to provide Plaintiff with a reasonably safe place to work, and to provide reasonably safe conditions in which to work.

12. In violation of said duty, Defendant, NORFOLK SOUTHERN, negligently and carelessly failed to provide Plaintiff, DONNIE R. GOODMAN, with a safe place to work by committing one or more of the following negligent acts or omissions:

    a. Carelessly and negligently failed to remove debris from employee work areas;

    b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties used by its employees for ingress and egress or for working areas so that the same became hazardous to the safe footing of its employees;

    c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used with safety by its employees;

    d. Failed to properly warn or signal its employees that debris was scattered on the walkway in question;

    e. Failed to properly enforce and require its employees to refrain from depositing discarded rail, parts or other debris in areas where the safety of other employees may be jeopardized;

    f. Failed to remove snow from walkways; and

    g. Failed to adequately illuminate the track area.

13. Defendant, Norfolk Southern, by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

14. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would

3

have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

15. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, the Plaintiff, DONNIE R. GOODMAN, demands judgment in his favor and against Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum of $3,500,000.00, plus the costs of this suit.

## COUNT II
### NEGLIGENCE - JEWELL COAL AND COKE COMPANY, INC.

1. On February 12, 2014, Defendant, JEWELL COAL AND COKE COMPANY, INC. was a corporation duly organized in Virginia, and was authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, JEWELL COAL AND COKE COMPANY INC. owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot and ankle.

5. That at all pertinent times, Defendant, JEWELL COAL AND COKE COMPANY, INC., was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, JEWELL COAL AND COKE COMPANY, INC., by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

   b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

   c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

   d. Failed to properly warn that debris was scattered on the walkway in question;

   e. Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

   f. Failed to remove snow from track areas; and

   g. Failed to adequately illuminate the premises.

7. Defendant, JEWELL COAL AND COKE COMPANY, INC., by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, JEWELL COAL AND COKE COMPANY, INC., in a sum of $3,500,000.00, plus the costs of this suit.

## COUNT III
### NEGLIGENCE - JEWELL SMOKELESS COAL CORPORATION

1. On February 12, 2014, Defendant, JEWELL SMOKELESS COAL CORPORATION, was a corporation duly organized in Virginia, and was authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, JEWELL SMOKELESS COAL CORPORATION, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, JEWELL SMOKELESS COAL CORPORATION, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, JEWELL SMOKELESS COAL CORPORATION, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

b.  Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

c.  Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

d.  Failed to properly warn that debris was scattered on the walkway in question;

e.  Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

f.  Failed to remove snow from track areas; and

g.  Failed to adequately illuminate the premises.

7.  Defendant, JEWELL SMOKELESS COAL CORPORATION, by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8.  As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9.  Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, JEWELL SMOKELESS COAL CORPORATION, in a sum of $3,500,000.00, plus the costs of this suit.

### COUNT IV
### NEGLIGENCE - JEWELL COKE ACQUISITION COMPANY

1. On February 12, 2014, Defendant, JEWELL COKE ACQUISITION COMPANY, was a corporation duly organized in Virginia, and was authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, JEWELL COKE ACQUISITION COMPANY, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, JEWELL COKE ACQUISITION COMPANY, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, JEWELL COKE ACQUISITION COMPANY, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

    a. Carelessly and negligently failed to remove debris from work areas;

    b.    Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

    c.    Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

    d.    Failed to properly warn that debris was scattered on the walkway in question;

    e.    Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

    f.    Failed to remove snow from track areas; and

    g.    Failed to adequately illuminate the premises.

7. Defendant, JEWELL COKE ACQUISITION COMPANY, by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, JEWELL COKE ACQUISITION COMPANY, in a sum of $3,500,000.00, plus the costs of this suit.

## COUNT V

### NEGLIGENCE - JEWELL COKE COMPANY, LP

1. On February 12, 2014, Defendant, JEWELL COKE COMPANY, LP, WAS a Delaware limited partnership authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, JEWELL COKE COMPANY, LP, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, JEWELL COKE COMPANY, LP, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, JEWELL COKE COMPANY, LP, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

   b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

   c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

   d. Failed to properly warn that debris was scattered on the walkway in question;

e. Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

f. Failed to remove snow from track areas; and

g. Failed to adequately illuminate the premises.

7. Defendant, JEWELL COKE COMPANY, LP, by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, JEWELL COKE COMPANY, LP, in a sum of $3,500,000.00, plus the costs of this suit.

## COUNT VI
### NEGLIGENCE – JEWELL COKE COMPANY

1. On February 12, 2014, Defendant, JEWELL COKE COMPANY, WAS a Delaware corporation authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, JEWELL COKE COMPANY, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, JEWELL COKE COMPANY, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, JEWELL COKE COMPANY, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

   b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

   c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

   d. Failed to properly warn that debris was scattered on the walkway in question;

   e. Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

   f. Failed to remove snow from track areas; and

   g. Failed to adequately illuminate the premises.

7. Defendant, JEWELL COKE COMPANY, by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, JEWELL COKE COMPANY, in a sum of $3,500,000.00, plus the costs of this suit.

### COUNT VII
### NEGLIGENCE - SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC

1. On February 12, 2014, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, was a Delaware limited liability company authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

   b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

   c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

   d. Failed to properly warn that debris was scattered on the walkway in question;

   e. Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

   f. Failed to remove snow from track areas; and

   g. Failed to adequately illuminate the premises.

7. Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R. GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, LLC, in a sum of $3,500,000.00, plus the costs of this suit.

### COUNT VII
### NEGLIGENCE - SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION

1. On February 12, 2014, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, was a Delaware corporation authorized to and doing business in the State of Virginia.

2. On February 12, 2014, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, owned and/or controlled railroad track at SunCoke Energy, 15498 Riverside Drive, Oakwood, Virginia.

3. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN was working for Defendant, NORFOLK SOUTHERN, on the U63 job, assigned to switch rail cars at SunCoke Energy.

4. On February 12, 2014, Plaintiff, DONNIE R. GOODMAN, slipped on discarded rail buried in the snow at the aforesaid location, at approximately 10:45 p.m., sustaining severe injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

5. That at all pertinent times, Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, was under a duty to exercise ordinary care to inspect and maintain its properties in a reasonably safe condition for those entering the property to perform their assigned work.

6. Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, by and through its agents was guilty of the following negligent, careless, and unlawful acts or omissions:

   a. Carelessly and negligently failed to remove debris from work areas;

   b. Failed to properly inspect, maintain, and clean its walkways, work areas and properties for ingress and egress or for working areas so that the same became hazardous to the safe footing of those required to work on the premises;

   c. Failed to properly inspect, maintain, and process its established walkways so that the same could be used safely;

   d. Failed to properly warn that debris was scattered on the walkway in question;

   e. Failed to properly enforce and require its employees to refrain from depositing or discarding rail, parts, or other debris in areas where the safety of others may be jeopardized;

   f. Failed to remove snow from track areas; and

   g. Failed to adequately illuminate the premises.

7. Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, by one or more of the foregoing negligent acts or omissions proximately caused, Plaintiff, DONNIE R.

16

GOODMAN, to suffer injury to his right foot, right ankle, right fifth metatarsal, and other parts of his body.

8. As a consequence, Plaintiff, DONNIE R. GOODMAN, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

9. Plaintiff, DONNIE R. GOODMAN, demands trial by jury.

WHEREFORE, Plaintiff, DONNIE R. GOODMAN, prays for judgment in his favor and against Defendant, SUNCOKE TECHNOLOGY AND DEVELOPMENT, CORPORATION, in a sum of $3,500,000.00, plus the costs of this suit.

        Respectfully submitted,
        DONNIE R. GOODMAN

By: */s/: John E. Jessee*
    ONE OF PLAINTIFF'S ATTORNEYS

JOHN E. JESSEE
LOCAL COUNSEL
JESSEE ,READ, & HOWARD, P.C.
200 West Valley Street
P.O. Box 1506
Abingdon, Virginia
Telephone: 276-628-1089
Facsimile: 276-628-2411
E-Mail: jjessee@bvu.net
VSB # 39684

.

CRAIG W. CHURCH
HOEY & FARINA, P.C.
542 South Dearborn, Suite 200
Chicago, IL 60605
Telephone: 312-939-1212
Facsimile: 312-939-7842
E-Mail: cchurch@hoeyfarina.com
ILARCD # 6193337